UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MANUEL SANABRIA, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SEAN MEDEIROS, ) <br> ) <br> Respondent. ) <br> ) | Civil Action No. 1:17-cv-12130-PBS |

REPORT AND RECOMMENDATION ON RESPONDENT'S
MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS
[Docket No. 12]

July 20, 2018

Boal, M.J.

On October 30, 2017, Manuel Sanabria filed, pro se, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Docket No. 1 (the "Petition"). Respondent Sean Medeiros moves to dismiss the Petition. Docket No. 12.[1]

For the following reasons, the undersigned Magistrate Judge recommends that the District Judge ALLOW the Respondent's motion to dismiss unless Sanabria, within thirty (30) days, deletes Ground Three in the Petition. If he deletes that ground, the undersigned Magistrate Judge recommends that the Court consider the first two grounds on the merits. If he does not

---

[1] On November 17, 2017, Judge Saris referred this case to the undersigned for full pretrial case management and a report and recommendation on dispositive motions. Docket No. 10.

1

delete Ground Three, the undersigned Magistrate Judge recommends that the Court dismiss the Petition without prejudice.

I.      FACTUAL AND PROCEDURAL BACKGROUND

On October 11, 2013, a Worcester County jury found Sanabria guilty of attempted murder; aggravated kidnapping; aggravated assault and battery by means of a dangerous weapon causing serious bodily injury; mayhem; armed robbery; intimidation of a witness; and larceny of a motor vehicle.  Supplemental Answer ("S.A.") 1, 2, 5; Commonwealth v. Sanabria, No. 15-P-301, 2016 WL 3004749, at *1 (Mass. App. Ct. May 25, 2016).  These convictions arise from the defendant's physical assault of the victim in her car.  Sanabria, 2016 WL 3004749, at *1.

Sanabria filed a direct appeal on October 21, 2013, in which he raised two claims: (1) insufficient evidence to convict him of armed robbery; and (2) duplicative convictions.  Id.; Sanabria, 2016 WL 3004749, at *1.[2]  The Massachusetts Appeals Court ("MAC") affirmed the Superior Court judgments on May 25, 2016.  S.A. 8; Sanabria, 2016 WL 3004749, at *3.  Sanabria filed an application for leave to obtain further appellate review ("ALOFAR") on June 16, 2016, raising the same two claims he had put before the MAC.  S.A. 9, 136-55.  On September 28, 2016, the Supreme Judicial Court ("SJC") denied Sanabria's ALOFAR.  S.A. 9; Commonwealth v. Sanabria, 475 Mass. 1105 (2016).

On October 30, 2017, Sanabria filed his Petition, which asserts three claims: (1) insufficient evidence as to elements of the armed robbery offense; (2) duplicative convictions; and (3) actual innocence based on ineffective assistance of counsel for failure to address mental

---

[2] While that appeal was pending, Sanabria filed a motion to revise and revoke his sentence.  S.A. 5.  On June 29, 2015, the Appellate Division of the Superior Court upheld the judgments imposing Sanabria's sentences for five of the seven crimes with which he was convicted, but reduced his sentences for the other two crimes.  S.A. 6.

2

health issues.  Docket No. 1 at 7-9.  On January 26, 2018, Respondent moved to dismiss the Petition.  Docket No. 12.  The motion is unopposed.[3]

## II.   DISCUSSION

### A.  Ground Three Is Unexhausted

Ground Three appears to allege that Sanabria is actually innocent and that his attorney failed to address his mental health issues in state court, which amounted to ineffective assistance of counsel.  Docket No. 1 at 8.[4]  Sanabria has not exhausted his state remedies with respect to this ground.

"In recognition of the state courts' important role in protecting constitutional rights, the exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application."  Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997) (citing Rose v. Lundy, 455 U.S. 509, 518-19 (1982)); accord 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State".).

---

[3] On two occasions, this Court extended the deadline for Sanabria to respond to the motion to dismiss.  Docket Nos. 15, 19.  This Court's most recent order extended the response deadline to July 15, 2018, and indicated that this Court would not allow any further extensions.  Docket No. 19.  To date, Sanabria has not filed a response.

[4] As asserted in the Petition, Ground Three states: "ACTUAL INNOCENCE.  Lawyer refused to address mental Health Issues, Ineffective Claim.  This claim can be used in Federal Habeas Relief, is a substantial issue in this case, and Petitioners Mental Healh [sic] issues not presented in the State Court as they should have been, and the fact that Petitioner was not competent to stand trial, Petitioner spent more than One (1) year at Bridgewater State Hospital.  Diagnosed with Major Depression, Psychotic Features (Voice) PTSD."  Docket No. 1 at 8 (emphasis in original).

A habeas petitioner bears the "heavy burden" of demonstrating the fulfillment of the exhaustion requirement. Barresi v. Maloney, 296 F.3d 48, 51 (1st Cir. 2002). In order to satisfy the exhaustion requirement, "[i]t is not enough merely to raise an issue before an intermediate court; one who seeks to invoke the federal habeas power must fairly present – or do his best to present – the issue to the state's highest tribunal." Mele v. Fitchburg Dist. Court, 850 F.2d 817, 820 (1st Cir. 1988) (citations omitted). In Massachusetts, that standard is met "by 'fairly presenting' a federal claim 'within the four corners of the [application for further appellate review to the SJC].'" Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (citing Mele, 850 F.2d at 823); see Adelson, 131 F.3d at 263 (In analyzing exhaustion, "the decisive pleading is the application for further appellate review. . ."). Claims omitted entirely from an application for further appellate review cannot be exhausted. See Mele, 850 F.2d at 820-23.

To preserve Ground Three for federal habeas scrutiny, Sanabria was obliged to bring it before the SJC. Sanabria's ALOFAR only presented claims that form the basis for Grounds One and Two. See S.A. 136-55. Ground Three was neither presented to the SJC, nor the MAC, for review. Accordingly, that claim has not been exhausted.

Construing Sanabria's petition liberally, it appears that he may be attempting to argue that his "actual innocence" claim cures any procedural default. Docket No. 1 at 12. Sanabria concedes that he did not raise his actual innocence claim to the state courts, but nevertheless argues that such a claim is a "gateway to overcome any procedural defaults which may or may not arise." Id.[5]

---

[5] Sanabria suggests that he did not raise Ground Three in his direct appeal because he had a falling out with his trial and appellate lawyer on that claim, and therefore "Counsel was ineffective, CPCS lawyers do not like to raise said claims against one another." Docket No. 1 at 9.

The Supreme Court has recognized that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" if attempting to present claims hindered by the expiration of the statute of limitations or a procedural bar such as successive petitions. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). The Supreme Court has also cautioned that "tenable actual-innocence gateway pleas are rare." Id.

The First Circuit has suggested that there "may be an exception to the exhaustion bar for cases involving colorable claims of actual innocence." Coningford v. Rhode Island, 640 F.3d 478, 482 n.2 (1st Cir. 2011) (citation omitted). However, courts in this district have not found that actual innocence may be a defense to the exhaustion requirement. Cameron v. Medeiros, No. 17-10280-RGS, 2018 WL 718537, at *5 (D. Mass. Jan. 17, 2018), report and recommendation adopted by, 2018 WL 716990, at *1 (D. Mass. Feb. 5, 2018); Archeval v. Goguen, 270 F. Supp. 3d 517, 519 (D. Mass. 2017).

In addition, in order to pass through the actual innocence gateway, a petitioner must show that "in light of newly presented evidence, 'it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" Riva v. Ficco, 803 F.3d 77, 84 (1st Cir. 2015) (citing Schlup v. Delo, 513 U.S. 298, 327 (1995)). "[T]o be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Id. Further, neither the First Circuit nor the Supreme Court has decided whether an insanity defense, if proven, amounts to proof of actual innocence. Id. Sanabria only raises allegations of mental health issues. He has provided this Court with no new reliable evidence that supports his actual innocence claim.

Because the Petition contains both exhausted and unexhausted claims, it is a "mixed" petition and therefore subject to dismissal.  See Rose, 455 U.S. at 518-19 (holding that a mixed petition must be dismissed).  However, before dismissing a mixed petition, courts should allow petitioners "to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief."  Rhines v. Weber, 544 U.S. 269, 278 (2005) (citing Rose, 455 U.S. at 520).  Therefore, Sanabria's Petition should be dismissed in its entirety unless he deletes Ground Three.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge recommends that the District Judge grant Respondent's motion to dismiss unless Sanabria, within thirty (30) days, deletes Ground Three of the Petition.  If he deletes that claim, then the undersigned Magistrate Judge recommends that the Court proceed, or have this Court proceed, to fully consider Grounds One and Two.  If Sanabria does not delete Ground Three, the undersigned Magistrate Judge recommends that the Court enter final judgment dismissing the Petition without prejudice.

### IV. REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72; Habeas Corpus R. 8(b).  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order

based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hosp., 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir. 1993).

                                                /s/ Jennifer C. Boal
                                                JENNIFER C. BOAL
                                                United States Magistrate Judge